The majority of the court being of opinion, that the plaintiff had proved a good title to the property, and that the grounds upon which the motion for a new trial was moved for, were insufficient, refused to grant a new trial. It appeared to this court, upon the investigation of the case, that at the trial, the negro had belonged to one Fort, who had bailed him to his son-in-law, one Muse. That the negro was sold by the sheriff, under execution, as the property of Muse, and had passed through several hands into the possession of the plaintiff. That Fort had known of the sheriff’s sale, and of the several transfers of the negro, and had not sued to recover possession, for more than four years after he had notice of the adverse possession of plaintiff. The statute of limitations was relied upon for the plaintiff, as supporting and confirming her title, and was considered by the court as sufficient for that purpose. The defendant produced a bill of sale from Fort; and proved a demand, made by Fort, of the negro from Mr. Adamson, who then had possession of the negro, for the plaintiff, as her guardian, some time before this action was commenced, and on his refusal to give the negro up, the negro afterwards ran away, and the defendant got possession of him.
It seemed to be the opinion of the judges, upon rthe decision of the motion, that Fort had lost his right of action to sue, to recover the possession of the negro, after acquiescing more than four years in the adverse possession of the plaintiff, and that the right of property vested absolutely in the plaintiff, after four years notorious adverse possession, undisturbed by any suit at law. That the cause of action accrued to Fort against the plaintiff immediately upon her obtaining posseésion of the negro, or as soon afterwards as it was known to Fort, that the negro was in her possession, or in the possession of any one claiming, or pretending to claim for her, and that such possession was adverse to his title. This doctrine was expressly laid down by the judge who presided at tho trial, and was *190 not controverted upon the determination of the motion in this court, Tile limitation act declares, that all personal actions, except as therein excepted, must be brought within four years next after the cause of such actions, and not after.
^ew tr*a* refused’
Bay, J., dissented to the decision on another ground. Because the plaintiff had obtained her father’s release of his claim to the negro since the trial, and he seemed to think the action ought to have been in his name.